UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Tyrone Perry, | ) C/A No. 4:09-551-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Bruce Obverman; | ) |
| Capt. Cribb; | ) Report and Recommendation |
| State of South Carolina Attorney General, | ) for Partial Summary Dismissal |
| Henry McMasters[1]; | ) |
| Warden A.J. Padula, | ) |
| | ) |
| Defendants. | ) |

Michael Tyrone Perry, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[2] Plaintiff is an inmate at Lee Correctional Institution (LCI), a facility of the South Carolina Department of Corrections (SCDC), and filed this action *in forma pauperis* under 28 U.S.C. § 1915 on March 6, 2009. (Docket Entry No. 1). An Order authorizing service of process of the original complaint, which named Defendants Bruce Obverman and Capt. Cribb[3], was filed on March 27, 2009. (Docket Entry No. 7).

---

[1] It is noted that the South Carolina Attorney General's name is correctly spelled Henry McMaster. The correct spelling of Defendant McMaster's name will be used in this Report and Recommendation.

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

On May 6, 2009, Plaintiff filed a motion to amend his complaint. (Docket Entry No. 12). Rule 15 (a) of the Federal Rules of Civil Procedure allows a party to amend the party's pleadings once as a matter of course prior to a responsive pleading being served. As no responsive pleading had been filed in the case at that time, Plaintiff's motion to amend was deemed moot in an Order filed on May 7, 2009. (Docket Entry No. 13).

However, on May 11, 2009, an answer was filed by the Defendants. (Docket Entry No. 15). Therefore, on June 2, 2009, Plaintiff filed another motion to amend the complaint. (Docket Entry No. 26). The Defendants filed a response in opposition to Plaintiff's motion to amend on June 22, 2009. (Docket Entry No. 28). In their response, the Defendants stated that Plaintiff had not served the Defendants with an amended complaint pursuant to the Court's Order of May 6, 2009. On July 24, 2009, Plaintiff submitted two proposed amended complaints, which are nearly identical. (Docket Entry No.'s 31 and 32).

An Order, which will be filed contemporaneously with this Report and Recommendation, grants Plaintiff's motion to amend (Docket Entry No. 26). The Order further directs the Clerk of Court's Office to combine Plaintiff's original complaint (Docket Entry No. 1) and Plaintiff's proposed amended complaints (Docket Entries 31, 32) and docket the pleadings as one document. (Hereinafter referred to as Plaintiff's amended complaint). Plaintiff's amended complaint seeks to add the South Carolina Attorney General, Henry McMaster, and the Warden of Lee Correctional Institution, A.J. Padula, as Defendants in this action. The amended complaint should be dismissed for failure to state a claim upon which relief may be granted as to Defendant McMaster. Service of the amended complaint is recommended below for Defendant Padula.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to partial summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

3

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff's pleadings (original and amended complaints) allege that Plaintiff was placed in a cell without a mattress sometime between October 7, 2008, and November 10, 2008. Absent a mattress, Plaintiff states he must sleep on a hard, cold concrete slab. Plaintiff's amended complaint indicates he has now been without a mattress for five (5) months. In each of the pleadings, Plaintiff alleges that sleeping on a concrete surface has caused neck and back pain, for which Plaintiff has sought medical treatment. Plaintiff's amended complaint also alleges that Plaintiff is being denied appropriate medical treatment.

Plaintiff states that he has written to Defendant Padula about Plaintiff's sleeping conditions. Defendant Padula allegedly told Plaintiff that the issue would be forwarded to Bruce Obverman and Captain Cribb. However Plaintiff states Defendants Obverman and Cribb did nothing to alleviate the problem.

Plaintiff provides no information to indicate how Defendant McMaster is connected to the alleged denial of Plaintiff's constitutional rights.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137,

4

144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Defendant State of South Carolina Attorney General Henry McMaster is a person amenable to suit under § 1983, Plaintiff's pleadings provide insufficient facts to state a cognizable claim against this Defendant. The original complaint makes no reference to Defendant McMaster. Plaintiff's proposed amended complaints, which are being combined with the original complaint to form one amended complaint document, list Defendant McMaster in the complaints' case captions, but fail to mention this Defendant in the body of the pleadings. The general claims, that Plaintiff has been denied a mattress and proper medical care, absent any personal allegations against Defendant McMaster, are insufficient to state a claim under § 1983. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

Further, to the extent that Plaintiff may be attempting to hold Defendant McMaster liable in a supervisory capacity, Plaintiff's claim would also fail. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v.*

*Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). In the present action, Plaintiff provides no facts to indicate that Defendant McMaster was actually or constructively aware of any risk of constitutional injury to the Plaintiff or that Defendant McMaster was deliberately indifferent to any such risk. As such, any claims Plaintiff may be attempting to assert against Defendant McMaster in a supervisory capacity are subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to the Defendant State of South Carolina Attorney General Henry McMaster *without prejudice* and without issuance and service of process for this Defendant. Process shall issue for service on Defendant Padula. Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III.<br>
United States Magistrate Judge

September <u>16</u> , 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).