UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Tyrone Perry, | ) | C/A No. 4:09-551-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Bruce Obverman; | ) | |
| Capt. Cribb, and | ) | |
| A.J. Padula, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Michael Tyrone Perry, filed this action on March 6, 2009, alleging various claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint on May 6, 2009. Plaintiff filed a Third Amended Complaint on September 16, 2009 (doc. #42). The plaintiff is an inmate currently housed at the McCormick Correctional Institution. Before the undersigned is the defendants' motion for summary judgment. (Document # 62.)[1]

On December 16, 2009, defendants filed a motion for summary judgment along with a memorandum, affidavits and exhibits. The undersigned issued an order filed December 17, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

On January 25, 2010, plaintiff filed a response in opposition. (Doc. #65). Defendants filed a reply to the response on February 4, 2010. (Doc. #66).

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

In the complaint, plaintiff alleges that defendants violated his constitutional rights while he was housed at Lee Correctional Institution (LCI) by placing him in SMU without a mattress and by denying him appropriate medical treatment and attention.

Defendants argue that the complaint should be dismissed because plaintiff failed to exhaust his administrative remedies before filing this action.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with

2

"specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis. Defendants submitted the affidavit of Mary Coleman who attests that she is over the Inmate Grievances for the South Carolina Department of Corrections. (Doc. #62-2). Coleman asserts that she is familiar with plaintiff and the grievance numbers, Lee C.I 0301-09 and Lee C.I. 1418.09, which plaintiff references in his third amended complaint. (Coleman affidavit). With respect to grievance Lee C.I. 0301-09, plaintiff did not comply with SCDC Policy GA-01.12, Inmate Grievance System, Section 13.1, which requires an inmate to file a grievance within fifteen days of the alleged incident. In the instant case,

3

the alleged incident took place on November 10, 2008, and plaintiff did not file the grievance until January 29, 2009. (Id.). Plaintiff's Step 1 was returned unprocessed to him and he could have appealed his unprocessed Step 1 grievance but he failed to do so. (Id.). As to Grievance Lee C.I. 1418-09, plaintiff did not comply with SCDC Policy GA-01.12, Inmate Grievance System, Section 13.1, which requires an inmate to file a grievance within fifteen days of the alleged incident. (Id.). In the instant case, the alleged incident took place on March 9, 2009, and plaintiff did not file the grievance until May 12, 2009, and had more than one grievance issue on the grievance when only one issue is allowed per grievance form. (Id.). Therefore, the Plaintiff's Step 1 was returned unprocessed and he failed to file an appeal. (Id.). (Coleman affidavit, doc. #21-2). Plaintiff has not completely exhausted his administrative remedies prior to filing this action.(Id.).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir.

4

2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Plaintiff filed a response in opposition. Plaintiff admits that he has not exhausted his administrative remedies but makes several arguments in his responses as to why he has not exhausted. Plaintiff contends that he was told he had to informally address the issues before filing a grievance and by the time he filed the grievance, they were returned as being outside of the deadlines. Plaintiff states that he was "ignorant of the law [and] filed a civil suit on March 4, 2009." (Doc. #65, p. 3). Plaintiff requests that the court "grant plaintiff a time extension to go exhaust all administrative remedies. " (Id.).

Based on the evidence presented, plaintiff filed the Step One Grievances out of time but failed to appeal those decisions. Therefore, it is recommended that defendants' motion for summary judgment (doc. #62) be granted for failure to exhaust administrative remedies.

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary judgment (document #62) be GRANTED and this claim dismissed.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 20, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**