IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Tyrone Perry, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 4:09-551-TLW-TER |
| ) | |
| Bruce Obverman; ) | |
| Capt. Cribb; ) | |
| Warden A.J. Padula, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# ORDER

The plaintiff, Michael Tyrone Perry ("plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Doc. #1). The plaintiff filed an amended complaint on September 16, 2009. (Doc. #42). The defendants filed a motion for summary judgment on December 16, 2009. (Doc. #62). The plaintiff filed a response in opposition on January 25, 2010. (Doc. #65). The defendants filed a reply on February 4, 2010. (Doc. #66). The case was referred to Magistrate Judge Thomas E. Rogers, III, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(d), DSC.

This matter comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge to whom this case had previously been assigned. (Doc. #67). In the Report, the Magistrate Judge recommends that the defendants' motion for summary judgment be granted and that this claim be dismissed. (Doc. #67). Prior to the deadline for filing objections to the Report, the plaintiff filed a motion for an enlargement of time. (Doc. #69). In the motion, the plaintiff requests that the Court hold this matter in abeyance until the plaintiff has had the

opportunity to exhaust his administrative remedies, and requests an additional 30 days to respond to the Report. (Doc. #69). The defendants filed a response in opposition to this motion. (Doc. #70). The plaintiff subsequently filed a document captioned "Response to Report and Recommendation" which this Court has construed as an objection to the Report. (Doc. #71). The plaintiff then filed an additional letter on June 1, 2010, requesting copies of documents previously submitted to this Court in connection with the plaintiff's response to the motion for summary judgment, and again requesting additional time to object to the Report. (Doc. #73). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. The plaintiff's motion for an enlargement of time to file objections is **DENIED**. (Doc. #69). The plaintiff has had full opportunity to respond to the Report, and has filed objections to the Report. As noted in the Report, the individual in charge of inmate grievances for the South Carolina Department of Corrections has stated that the plaintiff has not concluded the grievance process as he has not appealed the denial of his inmate requests. (Aff. of Mary Coleman, Doc. #62

2

Ex. 1). As well, in his response to the motion for summary judgment, the plaintiff does not dispute that he failed to appeal his inmate grievances before filing this civil suit. (Doc. #65 at p. 3). Rather, the plaintiff requests an extension so that he may fully exhaust his administrative remedies. (Doc. #65 at pp. 3-4). Thus, the Magistrate Judge's conclusion that the plaintiff has failed to fully exhaust his administrative remedies prior to filing this civil action is uncontroverted. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #67). For the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment is hereby **GRANTED**, (Doc. #62), and this case is **DISMISSED**.

    **IT IS SO ORDERED**.

                                                                                               s/Terry L. Wooten
                                                                                  United States District Judge

July 8, 2010
Florence, South Carolina